PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY BROZMAN, | ) |
|     Plaintiff, | ) CASE NO. 4:16CV2726 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| DETECTIVE LIEUTENANT JEFFREY SOLIC, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
|     Defendants. | ) **ORDER** [RESOLVING ECF NO. 15] |

Pending before the Court is Defendants' Motion for Summary Judgment. ECF No. 15. Plaintiff has responded to the motion (ECF No. 17), and Defendants have replied (ECF No. 19). The parties also filed a Joint Stipulation of Facts. ECF No. 14. For the reasons that follow, the Court grants Defendants' Motion.

## I. Background

Plaintiff Jeffrey Brozman was a passenger in a vehicle that Defendant Adam Hess, an officer in the Austintown Police Department, lawfully stopped due to a traffic violation. ECF No. 14 at PageID #: 86. Officer Hess and Defendant Christopher Collins told the five occupants of the car to exit the car to allow Sergeant Collins and a drug-sniffing dug to conduct an open air dog sniff. *Id*. The dog alerted on a drug element in the car, and the officers announced their intent to search the car and its occupants. *Id*. The officers ordered Plaintiff to keep his hands out of his pockets, but Plaintiff persisted on keeping his hands in his pockets. Plaintiff had four prescription pills in his pocket for which he did not have a valid prescription. *Id*.

(4:16CV2726)

After Plaintiff refused to comply with orders to remove his hands from his pockets, Officer Hess deployed his taser and hit Plaintiff in the chest. The taser did not affect Plaintiff because he removed one of the probes. Id. at PageID #: 87.

It is at this point when the parties disagree as to what occurred. Officer Hess testified that after the first taser use failed, he forced Plaintiff to the ground. ECF No. 15-3 at PageID #: 197-98. Once Plaintiff was on the ground, he resisted going onto his stomach, and this resistance caused Officer Hess to taser Plaintiff a second time. Id. Plaintiff, however, claims that Officer Hess tasered him after Officer Hess had already handcuffed him. ECF No. 15-1 at PageID #: 111-13. Later in his deposition, Plaintiff testified that he was tasered once in the chest, but he pulled one of the barbs out to nullify the impact, and then, after he was tasered a second time in the hip, which caused him to fall to the ground. Id. at PageID #: 116-17.

The parties stipulate that "[o]nce the plaintiff complied, he was handcuffed and removed from the area without incident." ECF No. 14 at PageID #: 87.

The officers then took Plaintiff to the Austintown Police Department. Id. at PageID #: 87. In his report, Sergeant Collins wrote that Plaintiff admitted, "I shouldn't have done that, it was stupid and I'm drunk." Id. The day after his release, Plaintiff sought medical attention and told the emergency room staff at Humility of Mary Health Partners Emergency Room that the Austintown Police had tasered him for resisting arrest. Id. At his next hospital visit, Plaintiff told hospital staff that he "ran from the police, got tase[re]d, and fell to the ground." Id.

Plaintiff initially faced charges of resisting arrest and drub abuse, but the original case was dismissed without prejudice due to lack of evidence supporting the charges. The prosecutor

2

(4:16CV2726)

had not received the test results of the evidence the police seized from Plaintiff upon arrest. *Id.* Eight months later, the charges were re-filed. *Id.* Plaintiff pled guilty to the drug abuse charge, and the prosecution dismissed the resisting arrest charge. *Id.* at PageID #: 88.

Plaintiff Jeffrey Brozman brought a 42 U.S.C. § 1983 action in the Mahoning County Court of Common Pleas, against Detective Lieutenant Jeffrey Solic of the Austintown Police Department, the Township of Austintown, the Township of Austintown Board of Trustees, and various John Doe Defendants. ECF No. 1-2. Defendants removed the case. ECF No. 1. Defendants noted in their motion for summary judgment Plaintiff had indicated that he would voluntarily dismiss his claim against the Austintown Township Board of Trustees for improper training, though Plaintiff has not a filed notice of dismissal as of the date of this date. ECF No. 15 at PageID #: 90. Regardless, Plaintiff did not address the issue when responding to the summary judgment motion, so the Court will treat the issue as abandoned.

In his complaint, which the Court later permitted him to amend by interlineation to include Sergeant Collins and Officer Hess (*See* 7/11/17 Order), Plaintiff alleges that members of the Austintown Police Department "maliciously inflicted harmful and offensive contact on [his] body beyond the scope of the reasonable use of force ... [including] deploy[ment] of a T.A.S.E.R." while Plaintiff was handcuffed. ECF No. 1-2 at PageID #: 8. Plaintiff alleges that he suffered injuries that included a hip fracture. *Id.* Plaintiff alleges that he was arrested and later faced charges of drug abuse and resisting arrest. *Id.* Plaintiff then alleges that the prosecution dismissed those charges, but later re-presented the charges "[u]pon determining that [Defendants] faced civil liability for their treatment of [him]." *Id*. at PageID #: 8-9. Plaintiff

3

(4:16CV2726)

alleges that the officer's actions violated his Fourth Amendment rights and that Defendant Township of Austintown failed adequately to train, supervise, and/or discipline its officers. *Id.* at PageID #: 9.

## II. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Johnson v. Karnes, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." Guarino v. Brookfield Twp. Trustees., 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." Cox v. Ky. Dep't. of Transp., 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to [whether] the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." Guarino, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the

4

(4:16CV2726)

evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III. Discussion

As this is a §1983 action, Plaintiff must satisfy the two-step qualified immunity test. First, he must show the violation of a constitutional right. Second, he must demonstrate that the right was clearly established. *Pearson v. Callahan*, 555 U.S. 233, 232 (2009).

5

(4:16CV2726)

Plaintiff fails, however, to satisfy the first prong of the analysis. In his opposition, Plaintiff asserts that the issue of material fact precluding summary judgment is whether Officer Hess tasered Plaintiff before or after Plaintiff had been handcuffed. The parties' stipulated facts, however, resolve this issue. Stipulated Fact Number 14 states "[o]nce the plaintiff complied, he was handcuffed and removed from the area without incident." ECF No. 14 at PageID #: 87. Thus, the parties have stipulated that use of the taser could only have occurred *before* Defendants handcuffed Plaintiff, not after handcuffing.

The Sixth Circuit has held that "[o]ur cases firmly establish that it is *not* excessive force for the police to tase[r] someone (even multiple times) when the person is actively resisting arrest." *Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015) (emphasis in original) (collecting cases). Therefore, "[w]hen a suspect actively resists arrest, the police can use a taser (or a knee strike) to subdue him; but when a suspect does not resist, or has stopped resisting, they cannot." *Id*.

Plaintiff contends that he had already complied at the time of the second taser charge, but the parties' stipulation states otherwise. In fact the first four words of Stipulation 14—"[o]nce the plaintiff complied"—defeats this argument. Moreover, the remaining portion of the sentence— "he was handcuffed and removed from the area without incident"—further dooms Plaintiff's claim, as this clause demonstrates that once the officers handcuffed Plaintiff, the scuffle had ended.[1]

---

[1] When Plaintiff references this stipulation in his opposition to Defendants' motion, he omits the qualifier "without incident." *See* ECF No. 17 at PageID #: 270. The
(continued...)

6

(4:16CV2726)

Instead, the undisputed facts demonstrate that Officer Hess tasered Plaintiff because Plaintiff was resisting arrest. Officer Hess testified that he tasered Plaintiff to compel Plaintiff to comply with his attempt to handcuff Plaintiff and end Plaintiff's attempts to resist arrest. ECF No. 15-3 at PageID #: 197-98. Also, the stipulated facts reveal that Plaintiff told the staff at the emergency room that the officers tasered him for resisting arrest. ECF No. 14 at PageID #: 87.

Because Plaintiff resisted arrest, Officer Hess's use of the taser to end that resistance does not violate Plaintiff's Fourth Amendment rights. See Rudlaff, 791 F.3d at 641.

Technically, Plaintiff's suit covers three individuals: Solic, Collins, and Hess. The only arguments he advances, however, are arguments related to Officer Hess's use of the taser. This also implicates Sergeant Collins, because he was there when Officer Hess used the taser and he helped to secure Plaintiff. Plaintiff makes no arguments related to Lieutenant Solic, though, and there is no evidence that he was present during the arrest. Therefore, any claim Plaintiff attempts to advance against Lieutenant Solic fails due to abandonment. See Hicks v. Concorde Career Coll., 449 Fed.Appx. 484, 487 (6th Cir. 2011) (finding that "[t]he district court properly declined to consider the merits of [plaintiff's] claim because [plaintiff] failed to address it in . . . his response to the summary judgment motion"). See, e.g., Hadi v. State Farm Ins. Cos., 2:07-CV-0060, 2008 WL 4877766, at *13 (S.D. Ohio Nov. 12, 2008) (finding plaintiff's failure

---

[1](...continued)
omission proves galling, especially as Plaintiff proceeds to say in the next sentence that "there is an issue of material fact tending to suggest that the police tase[re]d him after the handcuffing." Id. The proximity of the two sentences suggests that Plaintiff's omission of the qualifier "without incident" may be an attempt to gloss over a stipulation in order to manufacture a theory to avoid the grant of summary judgment.

(4:16CV2726)

to respond with any evidence supporting his negligent infliction of emotional distress claim "apparently concedes that summary judgment is proper on this count.").

## IV. Conclusion

Defendants' Motion for Summary Judgment is granted.  The Court will issue a separate Judgment Entry.

IT IS SO ORDERED.

 December 29, 2017                                       */s/ Benita Y. Pearson*
Date                                                                Benita Y. Pearson
                                                                          United States District Judge